U.S. COURTS

04 SEP 23 PM 3:25

RECD __ FILED _____
CAMERON S. BURKE
CLERK        IDAHO

# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

Abraham Mathew STreeter )
)
Plaintiff(s). )
)
vs. )
State of Idaho; Department of )
Transportation; Risk Management; )
Ada County Prosecutor, Meridian )
Eity Hall Counsil; Meridian City )
Police Department; Defendant(s). )
)

CIV 04- 483- S- LMB
Civil Case No.:

COMPLAINT

Plaintiff(s) for their complaint in the above-captioned action, allege as follows:

### JURISDICTION

1.     This is a civil action seeking judgment, relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This Court has jurisdiction of this action pursuant to Title 28 USC §§1331, 1343(3) and (4) and 2201. This action is allowed by 42 USC §1983.

### NATURE OF THE CAUSE OF ACTION

2.     Please describe the alleged constitutional deprivation. Listed below are examples of the possible causes of action that might pertain to your complaint.

a.   X   Procedural due Process.
b.   X   First Amendment rights:  free speech, religious freedom, freedom of association.
c.   X   Search and Seizure.
d.   X   Right to Privacy.
e.   X   Access to the Courts.
f.   ___   Property rights.
g.   ___   Equal protection/discrimination.

[This list is not all inclusive.  Other rights may be guaranteed which are not listed here.  Use additional sheets if needed.  ]

**PARTIES**

3.    a.    Plaintiff: _Abraham Mathew Streeter_
           Address: _2717 Malad ST. Sp. 4_
           _Boise, Id 83705_

      b.    Plaintiff: _____
           Address: _____
           _____

      c.    Plaintiff: _____
           Address: _____
           _____

Additional Plaintiffs may be added on a separate sheet of paper.

4.    a.    Defendant: _State Of Idaho Lawrence G Waseh_
           Official Position: _Attorney General_
           Address: _State house_
           _P.o Box 83720  Boise Id 83720_

      b.    Defendant: _Department Of Transportation_
           Official Position: _____
           Address: _3311 W. State_
           _Boise, Id 83703_

      c.    Defendant: _Risk Management Ray Heidt_
           Official Position: _Risk Management Ray Heidt_
           Address: _650 W. State_
           _Boise, Id 83702_

Additional Defendants may be added on a separate sheet of paper.

**CIVIL RIGHTS COMPLAINT, PAGE 2**

Additional Defendant's

d. Defendant :                    Jan Bennetts

  Official Position :              Ada County Prosecutor

  Address:                        200 w, Front

                                  Boise, Id. 83702

e, Defendant:                     Meridian City Hall Counsil

  Official Possition :            Code Enforcement

  Address :                       33 E. Idaho

                                  Meridian, Id. 83642

f. Defendant :                    Chief Of Police

  Official Possition:             Chief Of Police For Meridian Police Department

  Address :                       1401 E. Watertower

                                  Meridian, Id. 83642

## CAUSE OF ACTION

For each cause of action set forth in Paragraph No. 3, please set forth the facts of your case which substantiate your claim of violation of your Constitutional rights.  List the events in the order they happened, naming defendants involved, dates and places.  You may use additional sheets as necessary.

5.                          **FIRST CAUSE OF ACTION**

*Not nearly enough room.*
*Next page please.*

6.                          **SECOND CAUSE OF ACTION**

7.                          **THIRD CAUSE OF ACTION**

CIVIL RIGHTS COMPLAINT, PAGE 3

5.    **First Cause Of Action**

Procedural Due Process

Canyon County Maliciously Prosecuted Plaintiff.

On March 4, 1999 plaintiff was cited for Driving his vehichle without proof
of insurance. Plaintiff submitted to the clerk of court proof that the vehichle was insured at
the time of receiving the citation. According to the documents plaintiff received from Ray
Heidt, claims adjudicator, after filing the orriginal TORT claim on July 24, 2002. On April
2, 1999 the Canyon County Court sent to the Department of Transportation a judgement
against plaintiff requesting the Department to immediately suspend plaintiff's driving
priveleges according to the Compact Agreement with the State, At no time was plaintiff
given an opportunity for any type of court proceeding or hearing. This is the first Critical
Error in violating plaintiff's Constitutional Rights.

On May 30, 1999 plaintiff received a citation for driving without priveleges.
Plaintiff went to the Canyon County Courthouse to prove that they had Erred.
Immediately on June 3, 1999 the Canyon County Court ordered the Department to
reinstate plaintiff's driving priveleges. At this time plaintiff also informed in person and
showed evidence of Canyon County Courthouse's Critical Error to the Ada County Clerk
Of Court. This Clerk Of Court informed plaintiff that he would not need to appear in
court, since there would be no way that Ada County could prosecute this case.

The Department of Transportation violated Due Process when it's
administration made the Critical Errors when they received the judgement from the court
agaist plaintiff. The plaintiff received a Uniform Citation from the Police Officer, which
the Police Officer Obtained from plaintiff's registration and license plates.. This Citation
contained plaintiff's address. Then Canyon County Courts sent the Judgement to the
Department which contained the same address. Then the Department failed to send the
notice of suspension to that address. This is in Total Violation Of Due Process Of Law.

On August 17, 1999 Ada County Prosecutor Jan Bennetts filed a complaint
for a warrant to be issued for plaintiff's arrest for failure to appear. This is where Ada
County Prosecutor made her Critical Error. This Warrant did not specify when, where,
and at what time of day or night the warrant should be acted upon. The warrant should
not have even been signed by Ada County Judge, Tom Watkins. There were critical errors
in front of him which would violate plaintiff's Constitutional Rights. Additional critical
error that the Ada County Prosecutor, Jan Bennetts, made was that she did not update the
warrant. Plaintif purchased from the Ada Courthouse Records Department his entire
record. According to Idaho Statute of Criminal Procedure the warrant is required to be
updated after 6 months. In order to update the warrant the Prosecutor must file a new
Complaint. No evidence of a new complaint to update the warrant exists in plaintiff's
records. This is where Ada County Prosecutor, Jan Bennetts, violated Due Process of
Law and Maliciously Prosecuted plaintiff.

On February 20, 2002  plaintiff was arrested at work at 12:20 a.m. on a
misdemeaner warrant. This in itself is in violation of Due Process Of Law. Plaintiff

possessed a valid driver's license at the time of the arrest.

      Plaintiff appeared in court on May 18, 2002 to answer the charges. The Prosecuting Attorney spoke to the judge in his chambers. The Prosecuting Attorney then informed plaintiff that the charges against him has been dismissed.

## 6.    Second Cause Of Action

      On August 20, 2002 Ray Heidt, claims adjudicator for Risk Management sent the denial letter of plaintiff's TORT claim with documentation which proves that the State Of Idaho has committed fraud which violate State and Federal laws. Plaintiff spoke with Ray heidt after he received the documentation. Plaintiff explained to Mr. Heidt the inconsistancies in regards to the addresses contained in theses documents. Mr. Heidt asked plaintiff, " What do want from us! ". Plaintiff demanded a settlement. Then Mr. Heidt replied, " We're not going to pay!". Plaintiff then told him that he would see him in court.

      On September 26, 2002 plaintiff filed complaint  and summons against Department Of Transportation and the State Of Idaho, **case number - CV 0C 0207528D.**. Inside that complaint was the documents that Ray heidt sent. On October 4, 2002 the State filed a motion to dismiss. On November 4, 2002 the hearing was held on the States motion to dismiss. On November 25, 2002 the court entered it's determination dismissing the court proceeding. On December 12, 2002 plaintiff filed a notice of appeal, **docket number - 29183.** On january 12, 2003 a settlement conferrence was started. On or about May 12, 2002 the Supreme Court Judge who presided over the conferrence canceled further proceedings.

      On  October 8, 2003 Plaintiff filed a complaint and summons against Meridian City Police Department, **case number - CV 0C  0307778D**. In this complaint plaintiff requested a jury trial. On December 15, 2003 plaintiff filed a demand for a Jury Trial. On December 15, 2003 plaintiff filed a Request For A trial Setting. The Judge in this case, Judge Horton, dismissed the case. The judge did not consider any of the evidence submitted or plaintiff's demand for a jury trial. It is plaintiff's constitutional right to be granted a jury trial on demand. This right was violated.

      From the District Court to the Court Of Appeals state and federal laws have been violated pertaining to plantiff's Civil, Legal, and Constitutional Rights. These Courts are in violation of Title 18>Part 1>Chapter 96>Sec. 1961.

(1) b Section 1028(Relating to fraud and related activity in connection with identification documents) Section 1503 (Relating to obstruction of justice) Section 1510 (Relating to obstruction of criminal investigations) Section 1511 (Relating to the obstuction of state or local law enforcement)

      From the Attorney General's Office to the Courts plaintiff's rights and the laws listed above have been violated, not to exclude all the other Statutes of Idaho which have been totally violated against plaintiff.

Abraham M. Streeter
or Shirley Streeter
P.O. Box 3332
Nampa, Id. 83653
(208) 602-4411
Self Representation

03 SEP 16  PM 2: 30
SECRETARY OF STATE
STATE OF IDAHO

To:   The State Of Idaho
      Statehouse
      700 W. Jefferson
      Boise, Idaho 83702


ABRAHAM M. STREETER,              )
                                  )
                 Claimant,        )
                                  )           Claim For Damages
V,                                )           Under Idaho TORT Claim Act
                                  )
IDAHO DEPARTMENT OF               )
TRANSPORTATION,                   )
STATE OF IDAHO                    )
                                  )
_____  )


        COMES NOW, Claimant, Abraham M. Streeter, pursuant to Title 6, Chapter 9, Idaho

Code, and hereby makes claim against Idaho Department Of Transportation, State Of Idaho for

damages as follows:

        **Illegal Driver's License Suspension, Unlawful Notification**
        **Of Driver's License Suspension, Malicious Prosecution,**
        **Abuse Of Process, Fraud, Evasion,  Racketeering, Conspiracy,**
        **Double Jeopardy**

1



1. Claimant, Abraham M. Streeter, resides at 11101 Fairview ave. Space 45 A, Boise, Idaho and has resided at this address for a period exceeding two months prior to this cause of action arising. Claimant and his spouse have owned and operated Maintenance Smart, a janitorial service, since 1996. This small janitorial service with only one contracted cleaning account left is considered out of business as a result of Idaho Department of Transportation's neglect of it's duties, as well as all other offices, departments, and courts involved in denying claimant his constitutional, civil, and legal rights.

2. On May 3, 1999 Idaho Department Of Transportation illegally suspended claimant's driver's license. The department had no proof as required by Title 49, Chapter 14, 49-1416 Idaho Code, and Title 49, Chapter 15, 49-1502, Idaho Code,. Document attached which states that the depatment did not have proof to suspend claimant's driver's license.

3. On April 15, 1999 Idaho Department Of Transportation sent the notice of driver's license suspension to an incorrect address. The department did not send the notice of suspension to the address given to them by the court as required by Title 49, Chapter 1, 49-111 (1) Idaho Code. The Department did not send the notice of suspension to the address in it's registration files, or the address given by the driver as required by Title 49, Chapter 3, 49-320 Idaho Code. Documents are attached demonstrating the procedure upon which notice is given. This procedure was not followed in suspending claimant's driver's license, therefore claimant was discriminated against. Documents recieved from Mr. Ray Heidt, Claims Adjudicator which prove this fact are attached to this claim.

4. Idaho Department Of Transportation commited fraud againt claimant by not keeping accurate records within it's department as required by Title 49, Chapter 2, 49-203 4(c)(d)(f),

2

Idaho Code, Tittle 49, Chapter 1, 49-105 (17) Idaho Code, and Title 18, Chapter 32, 18-3201, Idaho Code.

**5.** Claimant was put in double jeopardy.

**6.** Idaho Department Of Transportation, The Attorney Generals Office, and The District Court commited racketeering and conspiracy against claimant by denying claimant his Constitutional, Civil, and Legal Rights, not protecting claimant's rights when evidence to prove wrong doing was presented, and by dismissing the previous claim heard in the District Court on November 4th, 2002. Criminal Conspiracy Defined, Title 18, Chapter 17, 18-1701, Idaho Code. Title 19, Chapter 25, 19-2520B Idaho Code. Rule 9 (a) (b) (c) (d) (e) (i), IRCP.

**7.** The Idaho Department Of Transportation was willful, wanted, and reckless with malice as well as grossly negligent in it's conduct, with no regards to the claimant's Constitution, Civil, and Legal rights, to be provided the opportunity for a hearing, to a speedy remedy, to be safe and secure in his home and workplace. Title 18, Chapter 48, 18-4804, Idaho Code. Title 19, Chapter 37, 19-3702, Idaho Code.

**8.** For the above reasonsClaimant hereby demands the sum $3,500,000

Dated this  16  day of September 2003

Abraham M. Streeter
Claimant

3



# State of Idaho

Department of Administration
Division of Internal Management Systems
Office of Insurance Management

**DIRK KEMPTHORNE**
Governor
**PAMELA I. AHRENS**
Director
**CYNTHIA NESS**
Manager

650 West State Street (83702)
P.O. Box 83720
BOISE, ID 83720-0079
Telephone (208) 332-1860 or FAX (208) 334-5315
http://www2.state.id.us.adm

08/20/2002

Abraham Streeter
1009 Robinson Rd
Nampa, ID 83687

RE:  Division of Motor Vehicles - IDOT
     State File #:  2002-0909-001
     Date of Loss:  02/19/2002

Dear Mr. Streeter,

Your claim against the State of Idaho which was filed with the
Secretary of State and forwarded to this department has been
reviewed.

Pursuant to our telephone conversation, this is to acknowledge
the copy of your citation of May 30, 1999, you FAXd over to me. I
am also attaching to this letter a copy of an order dated April
2, 1999, from the Third Judicial District Court to the Idaho
Transportation Department requesting that they "immediately
suspend" your driver's license.  I am also attached a copy of a
letter dated April 15, 1999, to you advising that your driving
privileges were being withdrawn effective May 3 to August 1,
1999. As we discussed this suspension was withdrawn effective
June 3 upon receipt of a court order. Therefore your license was
suspended from May 3 to June 3 of 1999, and it was during this
time period, May 30 to be exact, that you were issued the
citation and if the officer who issued the citation called for a
license confirmation he would have been told, correctly so, that
it was suspended.

Your later arrest on February 20, 2002 appears to be a result of
the citation of May 30, 1999, for which a warrant for Failure to
Appear was issued on August 18, 1999.

In reviewing the records available in my file as well as the
above sequence of events, I cannot see where any of the actions
of any agency of the State of Idaho was negligent.  If any such
actions were negligent they were only ordinary negligence and did
not rise to the level of being reckless, willful or wanton,
malicious or with criminal intent as contemplated by the statute.

*"Serving Idaho citizens through effective services to their governmental agencies"*

We regret that we cannot make payment on your claim.

If you have any question please feel free to call me at 332-1870.

Sincerely,

Ray Heidt
Claims Adjudicator
OIM, Risk Management

Enclosures

cc:   Cheryl Rost, Employee Safety Manager

THIRD JUDICIAL DISTRICT COURT, STATE OF IDAHO
IN AND FOR THE COUNTY OF CANYON
120 9TH AVENUE SOUTH
NAMPA, ID  83651
(208) 467-2171

STATE OF IDAHO,

        Plaintiff,

vs.

ABRAHAM M STREETER
10760 LAKESHORE DRIVE
NAMPA, ID 83651

        Defendant.

DOB:      07/16/1961  SEX: M
DL OR SSN:  BA1912160 ID
CDL:      N
VEH LIC:   2CB7443    ID
COMM VEH:  N       HAZ MATL: N

CITATION # 0145507-00

NOTICE OF NONPAYMENT,
NONCOMPLIANCE OF
INFRACTION PENALTY

TO: THE DEPARTMENT OF TRANSPORTATION, STATE OF IDAHO

    NOTICE IS HEREBY GIVEN, that a traffic judgment was entered against the above named defendant on MARCH 18, 1999, for the infraction of I 49-1232 INSURANCE-FAIL TO PROVIDE PROOF OF INSURANCE issued on MARCH 4 1999 for the penalty of $107.50 and that said defendant was given until APRIL 1, 1999 and has failed and refused to pay the penalty.

    ( X ) After notice of judgment and opportunity for hearing.
    (   ) After hearing and finding by the Court that the defendant does not have a complete and continuing financial inability to pay the penalty.

    YOU ARE THEREFORE REQUESTED to immediately suspend the driver's license of the defendant as provided by law or notify the Defendant's home state pursuant to the Interstate Nonresident Violator Compact.

                 Dated APRIL 2, 1999
                 G. NOEL HALES
                 CLERK OF THE DISTRICT COURT

                 BY _Shannon_
                    Deputy Clerk

FILED
APR 0 2 1999
CANYON COUNTY CLERK
B. SHANNON, DEPUTY

50015



# TRANSPORTATION DEPARTMENT

PO BOX 7129   •   BOISE ID   •   83707-1129   •   (208) 334-8000
PHONE: (208) 334-8736

STREETER, ABRAHAM MATTHEW                    APRIL 15, 1999

220 W GEORGIA ST                 LIC/IDENT NO: BA191216G
NAMPA            ID  83686       FILE NUMBER: 6600145507
                                 DATE OF BIRTH: 07-16-1960

### NOTICE OF SUSPENSION

ACCORDING TO THE NOTICE FROM THE COURT, YOU HAVE FAILED TO PAY THE
PENALTY FOR AN INFRACTION JUDGMENT IDAHO CODE 49-1505.
IN THE COURT OF: MAGISTRATE COURT            CANYON COUNTY
                 NAMPA, IDAHO  83651
                 (208)467-2171
DEFAULT DATE:MARCH 18, 1999     CITATION ISSUE DATE:MARCH 04, 1999
CASE/CITATION#: 0145507
VIOLATION: NO INSURANCE
COSTS: $107.50

UNDER IDAHO CODE 49-1505, YOUR DRIVING PRIVILEGES ARE BEING WITHDRAWN
FOR 90 DAYS, EFFECTIVE MAY 03, 1999       THROUGH AUGUST 01, 1999   .
PLEASE SURRENDER ANY IDAHO DRIVER'S LICENSE IN YOUR POSSESSION IN THE
ENCLOSED ENVELOPE.

YOUR DRIVING PRIVILEGES MAY BE REINSTATED AS SOON AS YOU PROVIDE PROOF
THAT THE INFRACTION PENALTY HAS BEEN PAID TO THE ABOVE COURT, IDAHO
CODE 49-1505, AND PAY A REINSTATEMENT FEE, IDAHO CODE 49-328, TO THIS
OFFICE.

THE REINSTATEMENT FEE WILL BE WAIVED IF YOU CAN SHOW PROOF THAT THE
PENALTY WAS PAID PRIOR TO THE EFFECTIVE DATE OF THE SUSPENSION.  IT IS
YOUR RESPONSIBILITY TO SEND TO THIS DEPARTMENT YOUR PROOF OF PAYMENT.
THE COURT IS NOT REQUIRED TO DO SO.

YOUR PRIVILEGE TO DRIVE IS NOT EFFECTIVE UNTIL YOU HAVE RECEIVED A
NOTICE OF REINSTATEMENT FROM THIS OFFICE.


ENCLOSURES: REINSTATEMENT BILLING
            RETURN ENVELOPE


FORM 126         50015

Case 1:09-cv-00185-CRB Document 5 Filed 06/23/14 Page 14 of 25

DDSO2062 DSP6                    DRIVERS LICENSE SYSTEM                    06/08/1999

MAP1205A PROD              SUSPENSION MASTER FILE MAINTENANCE              09:16:07

REQUESTOR  50015
DRIVER NO  BA1912160 DL   DATE OF BIRTH  07/16/1960
           NAME  STREETER, ABRAHAM MATTHEW         LIC CLASS  D
           ADDRESS                                 OPER  VALID
                  220 W GEORGIA ST                 CDL  NOTLIC
                  NAMPA            ID 83686
           RLP BY              COURT ST  ID         SUSP AUTH  D    REASON  RR2B
      CASE NUMBER  0145507      COURT  660          PROOF  N      SR22  N
    EFFECTIVE DATE  05/03/1999  SUSP TYPE  SUS      FEE  N        LIC
      COURT/RLP  __/__/____      UNTIL  __/__/____  W/J
                               TRAN DATE  06/08/1999  DOC  A00227734

      OPER LICENSE
   SUSP UNTIL DATE  08/01/1999   REIN DATE  06/08/1999      REIN CODE  R
          STAY  __/__/____       UNTIL  __/__/____          REASON
COMMERCIAL LICENSE
   SUSP UNTIL DATE  __/__/____   REIN DATE  __/__/____      REIN CODE
          STAY  __/__/____       UNTIL  __/__/____          REASON
          E/R FLAG               ACD CODE                 ACD DETAIL
          OFF-REF                OFF-LOC                  EXTENT
UPDAT/LOG COMPLETE BA1912160 DL STATUS OPER/CDL VALID /NOTLIC  THANK YOU
PF4-UPD PF6-DEL PF7-DIN1 PF8-RTN PF10-DSP5 PF11-DCV2 PF14-DSP1 PF15-DLR1

*By The The The Department This is DO*

*Law of The Cort TO The of Transportaion They must*

*what*

10322?

32224
TION

DISTRICT OF THE
ADA

COMPLAINT AND SUMMONS
☒ Infraction Citation
❏ Misdemeanor Citation
❏ Accident Involved
DR# _____
DR# _____
DR# _____

vs.

*BANKS*
LAST NAME

*DAVID*                    *MORGAN*
FIRST NAME                 MIDDLE INITIAL

VIN # _____ USDOT TK Census # _____
❏ Operator ❏ Class A ❏ Class B ❏ Class C ☒ Class D ❏ Other ___
❏ GVWR 26001+ ❏ 16+ Person ❏ Placard Hazardous Materials IPUC # ____
Home Address _____
Business Address _____ Ph # _____

THE UNDERSIGNED OFFICER (PARTY) HEREBY CERTIFIES AND SAYS:
☒ DL ❏ ID ❏ V   I certify I have reasonable grounds, and believe the above-named Defendant,
DL or SS # _____ State _____ Sex ☒ M ❏ F
Ht. *501* Wt. *640* Hair *BLN* Eyes *BN* DOB *4/11/8?*
Veh. Lic. # _____ State ____ Yr. of vehicle _____
Make *10407?* Model *CELICA* Color _____
Did commit the following act(s) on *8/10* 20 *03* at ___ o'clock ___ M.
VIO.#1 *INSURANCE* _____
                                      CODE SECTION

VIO.#2 _____ *10750* _____
                                      CODE SECTION

Location _____ *@ OVERLAND*
Hwy. _____ Mp. _____           **ADA** County, Idaho
Date *8/10/03* _____  Audio  Video  **BOISE POLICE DEPT.**
            Officer/Party      Serial/Address  Y☐N☐  Y☐N☐   DEPT.

Date _____ DEPT.
            Witnessing Officer      Serial/Address

THE STATE OF IDAHO TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned to appear before the Clerk of the Magistrate's Court of the
District Court of _____ BOISE , Idaho,
located at **200 W** _____ , 20 ___
but on or before ____           o'clock **P** M.
I acknowledge recei ___

The Department of Transportation will send
notice to the above address advising you of a
one-year suspension, or until a reinstatement fee
and proof of SR-22 Insurance are received.
Subsequent violations require proof of SR-22 for _____
3 years and a reinstatement fee.

I hereby certify service upon the defendant personally on _____ , 20 ___
                        _____
                                      Officer

NOTICE: See reverse side of your copy for PENALTY and COMPLIANCE instructions.

DEFENDANT'S COPY

## Clinton Community College
### Education for Everyone

Sep 9, 9:09 PM EDT

Associated Press Writer

NEW YORK (AP) -- Opening the door to scores of Sept. 11 lawsuits against the aviation industry, a judge concluded Tuesday that the hijacking and crashing of a jetliner was a "foreseeable risk."



U.S. District Judge Alvin Hellerstein said negligent security screening might have contributed to the deaths of 3,000 people in the attacks on the World Trade Center and the Pentagon and the crash of a hijacked plane in Pennsylvania.

"The aviation defendants controlled who came onto the planes and what was carried aboard. They had the obligation to take reasonable care in screening," he wrote.

Hellerstein cautioned that, early in the legal process, he viewed evidence in a light most favorable to the plaintiffs - over the objections of defendants American and United airlines, the Boeing Co. and the Port Authority of New York and New Jersey.

The decision involved the cases of about 70 people injured or killed in the attacks.

As a result of the ruling, court officials were preparing for a possible rush of lawsuits as early as this week as some people choose litigation over the federal victims compensation fund. To receive a payout from the fund, families must agree not to sue airlines or other entities.

Donate your car to Habitat or other charities. Tax deduct.

The defendants had sought dismissal of the lawsuits, saying they had no duty to anticipate and guard against deliberate, suicidal aircraft crashes and that any alleged negligence on their part did not cause deaths and injuries.

100% Tax-Deductible Donations Free Pickup. No Hassles!

In his ruling, Hellerstein said that while it may be true that terrorists had never deliberately flown airplanes into buildings, "airlines reasonably could foresee that crashes causing

Case 1:04-cv-00●●●-LMB   Document 3   Filed 09/23/0●  Page 17 of 25

She said she would like ● ●●e those responsible for weaknesses in secu● ● forced to answer a lot of questions that the families wanted to have answered."

Copyright 2003 Associated Press. All rights reserved.

**SITE INDEX**

│          │    │    │          │          │          │

Comments or Suggestions:

**To contact the Press-Republican, Phone: (518) 561-2300 or send mail to:
Press-Republican, 170 Margaret St., P.O. Box 459, Plattsburgh, NY 12901**

Copyright 2003, Plattsburgh Publishing Co., Plattsburgh, NY, Division of Ottaway Newspapers, Inc., Campbell Hall, NY. The information you receive from Press-Republican Online is protected by the copyright laws of the United States. The copyright laws prohibit any copying, redistributing, retransmitting, or repurposing of any copyright-protected material.

1    IN THE SUPREME COURT OF THE STATE OF IDAHO

2                                        COPY

3    ABRAHAM MATHEW STREETER,        )

4         Plaintiff-Appellant,       )  Supreme Court No. 29183
                                     )
5    vs.                             )  Case No.
                                     )    CVOC0207528D
6    IDAHO DEPARTMENT OF             )
     TRANSPORTATION, STATE OF IDAHO, )
7                                    )  APPEAL TRANSCRIPT
          Defendant-Respondent.      )
8    _____)

9

10             HONORABLE MICHAEL R. McLAUGHLIN

11                    DISTRICT JUDGE

12

13        T R A N S C R I P T   O N   A P P E A L

14               Fourth Judicial District

15                     Ada County

16

17

18

19                    APPEARANCES

20

21   ABRAHAM MATHEW STREETER
          Pro Se,
22        Nampa, Idaho, for and on behalf of the
          Plaintiff/Appellant.
23
     ALAN G. LANCE
24        Attorney General,
          Boise, Idaho, for and on behalf of the
25        Defendant/Respondent.

1      IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

2      OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

3

4  ABRAHAM MATHEW STREETER,        )
                                   )
              Plaintiff,     )

5                              )
  vs.                     )  Case No.

6                            )    CVOC0207528D
  IDAHO DEPARTMENT OF           )

7  TRANSPORTATION, STATE OF IDAHO,  )  ORAL ARGUMENT
                            )  TRANSCRIPT

8           Defendant.     )
  _____)

9

10

11        BEFORE THE HONORABLE MICHAEL R. McLAUGHLIN

12                DISTRICT JUDGE

13

14        BE IT REMEMBERED, that this matter came on

15  regularly for hearing before the Court, in the courtroom of

16  the Ada County Courthouse in Boise, Idaho, on November 4,

17  2002.

18                     APPEARANCES

19
  For the Plaintiff:     ABRAHAM MATHEW STREETER, PRO SE

20                     1009 NORTH ROBINSON ROAD
                     NAMPA, IDAHO 83687

21

22  For the Defendant:     J. JIM THOMAS
                     DEPUTY ATTORNEY GENERAL

23                     POST OFFICE BOX 7129
                     BOISE, IDAHO 83707

24

25

1      IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

2        OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

3

4  ABRAHAM MATHEW STREETER,       )
                           )

5      Plaintiff-Appellant,   ) Supreme Court No. 29183
                           )

6  vs.                      ) Case No.
                           )   CVOC0207528D

7  IDAHO DEPARTMENT OF         )
  TRANSPORTATION, STATE OF IDAHO,  )

8                          ) LODGMENT OF REPORTER'S
      Defendant-Respondent.  ) TRANSCRIPT ON APPEAL

9                           )

10

11       RECEIVED from Tamara I. Hohenleitner, Official Court

12  Reporter, of the above-entitled court, and lodged with me

13  this ___*6*___ day of January, 2003.

14

15

16

17                        CLERK OF THE DISTRICT COURT

18                        PATRICIA MILLER
                        Deputy Clerk

19

20

21

22

23

24

25

```
 1                                              A
 2                        I N D E X
 3
 4   HEARING DATES:                           PAGE
 5   November 11, 2002 - Oral Argument          1
 6      Argument by Mr. Thomas                   2
 7      Argument by Mr. Streeter                 4
 8      Argument by Mr. Thomsa                   7
 9      Court takes under advisement             8
10
11                      E X H I B I T S
12
13                    - -  N O N E - -
14
15
16
17
18
19
20
21
22
23
24
25
```

BOISE, IDAHO
NOVEMBER 4, 2002

THE COURT:  We'll try again.  Streeter versus the Department of Transportation.  CVOC0207528D.  Mr. Abraham Streeter is appearing pro se.  And appearing for the state on this?

MR. THOMAS:  Mr. Jim Thomas, Your Honor.

THE COURT:  All right.  Mr. Thomas.  This is a motion to dismiss.  There was a complaint filed by Mr. Streeter back on September 25th seeking damages from the Department of Transportation for the State of Idaho as a result of the failure to send a notice of driver's-license suspension to that address.  And as a result of that, Mr. Streeter goes on to allege that he received a traffic violation and was -- I assume from the complaint, Mr. Streeter, you were arrested; is that correct?

MR. STREETER:  That's right, Your Honor.

THE COURT:  You were arrested -- and that Mr. Streeter has resided at the same address for a number of years and that as a result of this notice being sent to an address that was not Mr. Streeter's address, the negligence was such that he was damaged.

And there was a claim for damages under the Idaho Tort Claim Act filed on July 24th of this year.

---

The state has moved to dismiss under the provisions of 6-904(B) of the Idaho Code asserting that the state is immune unless there is a showing of gross negligence or reckless, willful, or wanton conduct.  So, that's the matter before the court at this time, whether or not the complaint on its face should be dismissed.

So, the way we proceed on this is the state will make their argument first to the court and then the plaintiff, Mr. Streeter, will be given an opportunity to respond and then the state will have the final response.

So, with that, Mr. Thomas, you may present your argument to the court.

MR. THOMAS:  Thank you, Your Honor.

Essentially, as the court has just recited, Plaintiff Streeter filed a complaint on September 26th alleging roughly $350,000 worth of damages arising from claims of malicious prosecution, false arrest, and false imprisonment.  Those allegedly were caused by the Transportation Department's alleged negligence in sending the Notice of Suspension to the incorrect address.

As the court has pointed out, our defense for the complaint is founded in Idaho Code 6-904(B) simply that these facts don't arise to -- or the complaint doesn't even allege facts that would give rise to a claim of gross negligence or willful and wanton conduct or

---

malice or criminal intent.

Idaho Code 6-904, defines gross negligence.  It also defines reckless, willful, and wanton conduct.  "Gross negligence" in 6-904(C) is defined as "deliberate indifference to the harmful consequences to others."  "Reckless, willful, and wanton conduct" is defined as "creating an unreasonable risk of harm to another."

Simply mailing a notice of suspension to an incorrect address, Your Honor, the state believes does not rise to the level of either of those definitions much less malice or criminal intent.

Because of that, we would ask that the complaint be dismissed for failure to state a claim upon which relief may be granted.

Thank you.

THE COURT:  You're saying that within the parameters of 6-904(B), which sets the higher standard -- I'm just trying to gain from the provisions of that statute -- I understand the reasoning that the legislature utilized in setting a higher standard where, for example, the Department of Transportation makes a ruling regarding one of these driver's-license suspensions for people that take the breathalyzer test and fail it.  Hmm?  Okay?  Or I'm sure that may have also been a place as far as -- well, those types of hearings.

---

So, it's your argument that essentially when a clerk is to mail out a Notice of Suspension -- and I needed a little background on this.  To your knowledge, in this case, was that a notice that was sent by the Department of Transportation?

MR. THOMAS:  Yeah.  Yes, Your Honor.  The notice was sent by the Department of Transportation.  It was sent to the address listed on file with the Transportation Department that was listed on the plaintiff's driver's license.

Just to clarify -- I apologize -- under 6-904(B) (CK) the department believes that this action is under Sub 3, "arises out of the issuance, denial, suspension, or revocation of the license."  It was sent to the address listed on his driver's license, which turned out not to be his correct address at the time.

THE COURT:  And this occurred after you received a court notice of noncompliance with an infraction penalty.  Once you receive that, then a document is generated from the Department of Transportation regarding notice of hearing.

MR. THOMAS:  That's correct.

THE COURT:  Thank you.

Mr. Streeter, I'll hear your response.

MR. STREETER:  Yeah, Your Honor.

First of all, I want to -- inside the complaint
form you will notice the state, they are the ones that
sent me the denial letter. And in that statement they
also sent me the verification of the court document in
question, what the court sent to the Department of Motor
Vehicles to suspend my driver's license and the notice
was sent to the address -- to the wrong address.

Keep in mind, Your Honor, on this, the document
from -- from the court then referring to the Idaho
statute, Idaho Title 49 Chapter 14 Section 49-1460, it is
the law that's handed down from the Supreme Court
with what they supposed to follow and obey. First of
all, I want to state to the court I got a perfect driving
record. I know the department has a right to just -- to
take somebody's privileges away but on a point system.
As they well know, my driving record is perfect in the
state of Idaho and other states they have checked.

But, according to Idaho Statute 49, Title 14, it
says "name and address." That's what was on the court
document, as well. They should have sent it to that
address. And then it says, it goes on down, it says
somewhere on No. 5, "The failure, refusal, or neglect of
any juris or officer to comply with any of these
requirements of this section shall cost them misconduct
in office and shall be grounds for removal."

5

I mean, it shows they were totally negligent
when they did this. And the court sent them and I can
prove, Your Honor, without a doubt that they had my
address on file eight and a half months before they sent
it to the wrong address. And, according to the -- with
the document with the court has the address, I have proof
from the County Assessor that they had my address on file
and I got the original registration, Your Honor, in
question was dated to me 9/2 of '98, Your Honor, at that
same address where they should have sent it to.

With that in mind, Your Honor, the state cannot
find for a dismissal because the court is clearly as the
address is on court document. And, again, Your Honor,
they highlighted the evidence what they sent to me and I
did not have these documents on me. The state is the one
that sent it to me. And with all the laws they have
broke, they have broken several other laws, where it says
about name and address. Like Title 49, Chapter 2,
49-237, it says records and it says it could be submitted
into the registration files and note, Your Honor, on the
court document, my address was given to the court off of
a registration, off my vehicle as evidence.

So, with that in mind, Your Honor, I'd like to
let the courts know that several laws has been broke by
them covering up because they have been covering up

6

theirself all the way through this whole process.

THE COURT: All right. So, it's your position
that they had plenty of notice of your correct address
and that by not sending it there it rises to the level of
gross negligence?

MR. STREETER: Yes, Your Honor, it does.

THE COURT: You understand the statute that
they're arguing here. They're saying it's not just
ordinary negligence. It has to be this gross negligence
or, as was articulated in their brief, that it's either
gross negligence or reckless, willful, or wanton conduct.

MR. STREETER: Yeah. It's way past that what
they have done. If they would have looked at -- for how
they can be held responsible, they should have looked at
-- to Idaho Statute Title 6 Chapter 9, 6-903. It tells
tell why they should be held responsible and 6-902, it
tells them why they should be held responsible.

THE COURT: All right. I'll take a look at
those before I make my decision. I appreciate you citing
those to the court.

Response, then, by the state.

MR. THOMAS: Thank you, Your Honor.

I believe, if I state correctly, that plaintiff
is arguing that because the Transportation Department had
in other forms of identification his insurance and

7

vehicle registration that we were somehow on notice that
that's where we should send issuing notices for his
driver's license. 49-320 provides for a notice of change
of address and Subsection --

THE COURT: Yes, if you have a driver's license
and you change your address, you're supposed to change
it.

MR. THOMAS: That's exactly right.

THE COURT: Who does that? I've never done it.

MR. THOMAS: The idea, though, Your Honor, is
that if you do that and we send out a notice to that
address, then it's our fault if we send it to the wrong
address. But if you give us an address and we send it to
that address that you've provided us --

THE COURT: So, you won't prosecute me for a
misdemeanor because I haven't turned in my new address
yet.

MR. THOMAS: I'm not sure we've done it in the
past.

THE COURT: Okay. I understand your argument.
If you want notice, get them the right address.

MR. THOMAS: Correct.

THE COURT: What I'm going to do is I'm going to
take it under advisement. You've given me some new areas
to look at it and I want to make sure that I've

8

```
 1  researched that and looked at it very carefully and I'll
 2  get you a decision in a matter of probably a couple of
 3  weeks.
 4          MR. STREETER:  For the record --
 5          THE COURT:  Hmm?
 6          MR. STREET:  I don't mean to interrupt you,
 7  Your Honor, but he talks about notifying about the
 8  license.  I am very aware of that.
 9          THE COURT:  It's okay.  The way we work this --
10          MR. STREET:  Right.
11          THE COURT:  And I understand your argument very
12  clearly.  You made a good presentation, and I want you to
13  know that.  And I'm going to look at all those factors
14  and we've got got the right address to send my decision
15  to.
16          MR. STREETER:  That's correct, Your Honor.
17          THE COURT:  We'll do that.
18      (Proceedings concluded.)
19
20
21
22
23
24
25
```

9

## PRAYER FOR RELIEF
### CHOOSE ONE OR MORE OF THE FOLLOWING.

WHEREFORE, plaintiff(s) request that this Court grant the following relief:

a.   An injunction preventing the defendant(s): *Plaintiff submitted The Evidence That proves total Negligence in all cases. with The Evidence They should Have settled*

b.   Damages in the sum of $ ~~3,500,000.00~~ 469,000 .

c.   Punitive Damages in the sum of $ 3,031,000 .

d.   Such other and further relief as this Court deems just and proper.

Plaintiff(s) demand(s) a trial by (Jury) or (Court).   [circle one]

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  *September 23, 2004*

*Abraham M Streeter*
Signature of Plaintiff(s)
(all Plaintiffs must sign)